UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

REGINA O.,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:22-cv-00714-AR

**OPINION AND ORDER**

**ARMISTEAD, Magistrate Judge**

    Plaintiff Regina O. (her last name omitted for privacy) challenges on judicial review the Commissioner's final decision denying her Social Security benefits. She first asserts that the Administrative Law Judge (ALJ) failed to account for social and repetitive-task limitations identified by physicians' opinions when determining her residual functional capacity (RFC). (Pl.'s Br. at 4, ECF No. 11.) Plaintiff also contends that the ALJ relied on erroneous vocational expert (VE) testimony in determining the work she could perform at step five, and that the jobs

Page 1 – OPINION AND ORDER

identified by the VE that she could perform are inconsistent with her RFC. (Pl.'s Br. at 13-14.) As explained below, the ALJ did not err. The Commissioner's decision is AFFIRMED.[1]

## ALJ'S DECISION

In denying plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI), the ALJ followed the five-step sequential evaluation process.[2] At step one, the ALJ found that plaintiff had not engaged in substantial activity since September 30, 2016, her alleged onset date. (Tr. 15.) At step two, the ALJ determined that she had the following severe impairments: obesity, degenerative disc disease of the spine, primary headache disorder, post-traumatic stress disorder (PTSD), and bipolar disorder. At step three, the ALJ determined that her impairments singly or in combination did not meet or medically equal the severity of any listed impairment. (Tr. 16.)

As for the ALJ's assessment of plaintiff's residual functional capacity (RFC), 20 C.F.R. §§ 404.1545, 416.945, the ALJ determined that plaintiff has the RFC to perform light work, except that she is limited to having only occasional interaction with the public and coworkers; can occasionally climb, stoop, crouch, kneel, and crawl; can understand and remember simple instructions; and can perform simple tasks. (Tr. 18.)

At step four, the ALJ determined that plaintiff is unable to perform past relevant work. (Tr. 32) Given plaintiff's age, education, work experience, and RFC, the ALJ found at step five

---

[1] This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2] To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746–47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

that jobs exist in significant numbers in the national economy that plaintiff can perform, including such representative occupations as housekeeping cleaner, marking clerk, and café attendant. (Tr. 33.)

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. *42 U.S.C. § 405(g)*; *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

## DISCUSSION

A.  ***Residual Functional Capacity***

Two State agency medical consultants, Winfred Ju, Ph.D., and Abesie Kelly, Ph.D., reviewed plaintiff's case and made findings about her functional abilities. (Tr. 78-80; 92-94; 116-17; 138-39.) The doctors stated that plaintiff could perform simple work without "complex and detailed instructions" or "complex and detailed tasks," and that she could engage in "occasional general public and coworker interaction." (*Id*.) The ALJ, finding Drs. Ju's and Kelly's opinions generally persuasive, limited plaintiff's RFC to "simple instructions," "simple tasks," and "occasional interaction with the public and coworkers." (Tr. 18, 31-32.)

Plaintiff contends that the ALJ failed to account for three functional limitations identified by the physicians' opinions. (Pl.'s Br. at 4.) One of those limitations, according to plaintiff,

Page 3 – OPINION AND ORDER

includes "incidental" interaction with the public. Plaintiff asserts that the ALJ erred when he determined that the RFC includes occasional but not incidental interaction as a limitation. (Pl.'s Br. at 6.) Another limitation that plaintiff claims the ALJ failed to consider is a restriction specifying that plaintiff requires "simple, direct, and concrete supervision." (*Id.*)

As pointed out by the Commissioner, plaintiff is quoting Beverly Hooten, a disability adjudicator who gave a "vocational analysis" at the reconsideration level. (Tr. 141.) In plaintiff's reply brief, she acknowledges that it was a disability adjudicator who may have prepared the "vocational analysis." (Pl.'s Reply Br. at 2, ECF No. 13.) Plaintiff nevertheless argues that Dr. Kelly affirmed the information contained on the functional assessment form by signing the form with Hooten's statements, and therefore those limitations needed to be evaluated by the ALJ and included in plaintiff's RFC. (Pl.'s Reply Br. at 3.)

An ALJ is not required to adopt, or even discuss, the findings of a disability adjudicator. *See* 20 C.F.R. §§ 404.1520c, 416.920c (outlining ALJ's discussion of medical opinions and prior administrative medical finding from state agency doctors); *see also* 20 C.F.R. 404.1520c(d), 416.920c(d) (providing that "we are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) of his section"). An ALJ must discuss the persuasiveness of prior administrative medical findings from medical and psychological consultants, which the ALJ did in this case. (Tr. 31-32.); *See* 20 C.F.R. §§ 404.1513, 404.1520c, 416.913, 416.920c. Plaintiff neither develops her argument nor points to any legal authority providing that a signature from a physician affirms the findings of a disability adjudicator. Here, the ALJ relied on Drs. Ju's and Kelly's assessments (Tr. 78-80; 92-94; 116-17; 138-39) and he was not required to rely on the medical limitations stated in Hooten's vocational analysis.

Page 4 – OPINION AND ORDER

Plaintiff further argues that she is limited to performing "repetitive" tasks, and that this limitation was not accounted for in her RFC. (Pl.'s Br. at 9.) Plaintiff is mistaken that Drs. Ju and Kelly restricted plaintiff to only performing repetitive tasks. Dr. Ju stated that plaintiff is "capable of SRT" but did not state that she could *only* do or was *limited* to repetitive tasks. (Tr. 88.) Rather, Dr. Ju found that plaintiff was "not capable of sustained [concentration, persistence, pace] for complex and detailed tasks." (Tr. 79, 93.) Plaintiff misstates the record again and argues that Dr. Kelly's conclusion that plaintiff could perform work involving tasks "no more complex than those learned and performed by rote." (Pl.'s Br. at 10, citing Tr. 119.) However, this statement was given by Hooten, and not Dr. Ju. (Tr. 119.) As stated above, the ALJ was not required to consider Hooten's findings.

Here, the ALJ limited plaintiff to "simple tasks," which takes into account the findings that Drs. Ju and Kelly did make, and did not err in the ways asserted by plaintiff. As a result, plaintiff's RFC is supported by substantial evidence.[3]

\\\\\

\\\\\

---

[3] Plaintiff contends that, although the hypothetical questions posed to the VE were consistent with the ALJ's RFC assessment, the questions still failed to encompass all of her impairments. (Pl.'s Br. at 14.) Because there is no error in the RFC, there was no error in the hypotheticals posed to the VE.

Page 5 – OPINION AND ORDER

B.  **Step Five**

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that the claimant can perform despite [her] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); 20 C.F.R § 416.920(g). In making that determination, the ALJ relies on the Dictionary of Occupational Titles (DOT), which is the Social Security Administration's "primary source[] of reliable job information" regarding jobs that exist in the national economy. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); 20 C.F.R §§ 416.969, 416.966(d)(1). The DOT describes the requirements for each listed occupation, including the necessary General Educational Development (GED) levels—that is, the "aspects of education (formal or informal) . . . required of the worker for satisfactory job performance." DOT, App. C, 1991 WL 688702 (4th ed. 1991). The GED levels include the reasoning ability required to perform the job, ranging from Level 1 (which requires the least reasoning ability) to Level 6 (which requires the most). *Id.* As relevant to this dispute, the DOT defines reasoning Level 1 and Level 2 as follows:

> LEVEL 1
> Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> LEVEL 2
> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

DOT, App'x C, 1991 WL 688702 (4th ed. 1991).

The ALJ relies on the testimony of a vocational expert to identify specific occupations that a claimant can perform in light of her RFC. 20 CFR § 416.966(e); *Valentine*, 574 F.3d at 689. When there is an apparent conflict between the vocational expert's testimony and the DOT,

Page 6 – OPINION AND ORDER

the ALJ is required to reconcile that inconsistency by posing questions about the potential conflict. *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Nevertheless, if the ALJ fails to ask the vocational expert about the potential conflict, that "procedural error" may be "harmless" if there is no conflict between the vocational expert's testimony and the DOT. *Id.* at 1154 n.19.

In this case, the ALJ relied on testimony from the VE to find that plaintiff could perform the jobs of housekeeping cleaner (DOT # 323.687-014), for which there are 227,000 jobs nationwide, marking clerk (DOT # 209.587-034), for which 311,000 jobs exist nationwide, and café attendant (DOT # 311.677-010), for which there are 60,000 jobs in the national economy. (Tr. 33-34.) Café attendant and marking clerk both require GED Level 2 reasoning, and housekeeping cleaner requires GED level 1 reasoning. (*See* Pl.'s Br. at 11-12; Def. Br. at 5.) Plaintiff argues that the ALJ made two errors at step five : (1) the marking clerk and café attendant jobs require Level 2 reasoning and are therefore precluded by plaintiff's RFC; and (2) the jobs listed at step five are inconsistent with a limitation to repetitive tasks. Neither of those arguments are persuasive.

*Whether plaintiff's RFC conflicts with Level 2 reasoning jobs*. The ALJ established an RFC of "simple tasks" and "understanding and remembering simple instructions" (Pl.'s Br. at 15, citing Tr. 18.) Plaintiff argues that the limitations of "simple instructions" and "simple tasks" are nearly identical to the language used by the DOT for Level 1 reasoning, which requires "understanding to carry out simple one- or two-step instructions." (*Id*. at 15-16.) In plaintiff's view, that is tantamount to the ALJ making a "specific finding" limiting plaintiff to Level 1 reasoning. Consequently, according to plaintiff, the ALJ erred in finding plaintiff capable of

performing work that required Level 2 reasoning by finding that she could perform both the marking clerk and café attendant jobs. (*Id*. at 16.)

The court need not decide whether the RFC limitations of simple tasks and instructions is inconsistent with the Level 2 reasoning required for marking clerk and café attendant jobs. That is because for housekeeping cleaner, which requires Level 1 reasoning, there are approximately 200,000 jobs in the national economy. That figure of 200,000 jobs is sufficient to support the ALJ's finding that jobs exist in significant numbers in the national economy that plaintiff can perform. *Tommasetti v. Astrue,* 533 F.3d 1035, 1043-44 (9th Cir. 2008) (holding that, given claimant's residual functional capacity, a single occupation with a significant number of jobs in the national economy was adequate). The ALJ's step five finding is supported by substantial evidence and any perceived error is harmless. *See Robbins v. Social Sec. Admin.,* 466 F.3d 880, 885 (9th Cir. 2006) (holding that error that is inconsequential to the ultimate nondisability determination is harmless error).

*Whether housekeeping cleaner is inconsistent with a repetitive-task limitation*. Plaintiff asserts that all three jobs identified by the VE were inconsistent with a limitation of repetitive tasks. (Pl.'s Br. at 17.) Because the court has concluded that the job of housekeeping cleaner was sufficient to support the ALJ's step-five finding, plaintiff's argument reduces to whether that job was inconsistent with her RFC. Plaintiffs asserts that by virtue of the VE's own statements, the housekeeping cleaner job conflicts with plaintiff's assertion that her RFC requires a repetitive-task limitation. (Pl.'s Br. at 17.) However, as discussed above, the ALJ did not limit plaintiff to repetitive tasks and not doing so was not error, and the ALJ was not required to consider it as a limitation at step five. Because plaintiff's RFC accurately accounted for her limitations, and

because the vocational expert's testimony is consistent with plaintiff's RFC, the ALJ's step-five finding is supported by substantial evidence and free of legal error.

## CONCLUSION

For the reasons stated above, the court AFFIRMS the Commissioner's final decision, and this action is DISMISSED.

ORDERED October 16, 2023.

                                                                     JEFF ARMISTEAD
                                                           United States Magistrate Judge